JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-06857-RGK (AJWx) | Date | September 30, 2011 |
|---|---|---|---|
| Title | *CALZADA v. SUNRISE SENIOR LIVING SERVICES INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On January 24, 2011, Virgincita Calzada ("Plaintiff"), filed suit against Sunrise Senior Living Services, Inc. and Emeritus Corp. (collectively "Defendants"). Plaintiff filed a First Amended Complaint ("FAC") on July 20, 2011. In her Complaint, Plaintiff assert state claims relating to Defendants' failure to pay wages, allow for meal breaks, keep accurate wage statements, discrimination under California Government Code § 12900 *et seq*, and wrongful termination. All of Plaintiff's claims arise under state law.

Defendants filed a notice of removal with this court on August 19, 2011 alleging jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege the amount in controversy, the removing defendant must supply this jurisdictional fact in the Notice of Removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992). Defendants have failed to make this requisite showing. Defendants point to a letter by Plaintiff's counsel estimating damages at $66,806.80 for some of her claims. Defendants attempt to argue that damages from the remainder of Plaintiff's claim must make the total damages exceed $75,000. However, such arguments are not sufficient to allow for removal on the basis of diversity.

In light of the foregoing, the Court hereby **remands** the action to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |